IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON W. COLON, | : No. 3:24cv1152 |
| Petitioner | : (Judge Munley) |
| v. | : |
| FACILITY MANAGER MASON, et al., | : |
| Respondents | : |

## MEMORANDUM

This is a habeas corpus case pursuant to 28 U.S.C. § 2254.[1] (Doc. 1). Petitioner Jason W. Colon ("Colon"), who is presently confined at the State Correctional Institution at Mahanoy, in Frackville, Pennsylvania, challenges his conviction and sentence imposed by the Court of Common Pleas of York County, Pennsylvania. The court will summarily dismiss the petition as an unauthorized second or successive habeas petition.

I.  **Factual Background & Procedural History**

In 1997, Colon was convicted of third-degree murder and conspiracy to commit murder in the York County Court of Common Pleas. See Commonwealth

---

[1] Colon styled his initial filing as a motion for relief under Federal Rule of Civil Procedure 60(b). (Doc. 1). The procedural rules governing § 2254 cases confirm that it is the filing of a habeas petition that commences a habeas proceeding. The court therefore construes Colon's filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

v. Colon, 2015 WL 6393936, at *1 (Pa. Super. Jan. 28, 2015). On August 18, 1997, he was sentenced to an aggregate term of imprisonment of 40 to 80 years. See id. After his sentencing, Colon filed direct and collateral appeals in the state courts, all of which were denied. See id.

On December 6, 2005, Colon filed his first federal § 2254 habeas petition, asserting the following claims:

1. The evidence at trial was insufficient to establish guilt beyond a reasonable doubt.

2. The trial court abused its discretion during sentencing.

3. The trial court committed reversible error in its instruction to the jury regarding a jailhouse informant's testimony.

4. Trial counsel was ineffective for not objecting to the introduction of Colon's co-defendant's confession.

Colon v. Folino, No. 4:05-cv-2519 (M.D. Pa.), Doc. 1. On January 11, 2008, the petition was denied on the merits. Id., Docs. 24, 25. By Order dated May 7, 2008, the United States Court of Appeals for the Third Circuit denied Colon's application for a certificate of appealability based on his failure to make a substantial showing of the denial of a constitutional right. Colon v. Folino, C.A. No. 08-1459 (3d Cir. 2008).

After the denial of his first federal habeas petition, Colon filed untimely collateral appeals in state court, which were denied. See Commonwealth v.

2

Colon, No. 885 MDA 2014 (Pa. Super. Jan. 28, 2015); Commonwealth v. Colon, No. 1027 MDA 2022 (Pa. Super. Oct. 17, 2022).

Several years later, on June 5, 2023, Colon filed another § 2254 habeas petition in federal court. Colon v. Mason, No. 4:23-cv-916 (M.D. Pa.). He raised the following issues for review:

1. The February 28, 1997, motion for severance from his co-defendant was wrongfully denied on March 3, 1997.

2. He has "newly discovered evidence" demonstrating that his plea of guilty to drug charges was not to be used in his criminal homicide trial.

Id., Doc. 1, at 5-7. By Memorandum and Order dated January 25, 2024, the court dismissed the petition as an unauthorized second or successive request for habeas relief. Id., Docs. 16, 17.

On February 27, 2024, Colon filed an application for leave to file a second or successive petition pursuant to 28 U.S.C. § 2244(b) with the Third Circuit. In re: Jason Colon, C.A. No. 24-1361 (3d Cir. 2024). On June 14, 2024, the Third Circuit denied his application to file a second or successive habeas petition for failure to make a prima facie showing that his claims met the standard set forth in 28 U.S.C. § 2244(b). Id., June 14, 2024 Order. Specifically, the Third Circuit found as follows:

3

> [Colon] has failed to make a prima facie showing that his proposed habeas petition relies on (1) a new rule of constitutional law that the United States Supreme Court has made retroactive to cases on collateral review, or (2) newly discovered evidence that, if proven, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of his underlying offenses.

Id.

Colon then filed the instant motion for relief under Rule 60(b), which the court construes as a § 2254 habeas petition. (Doc. 1). Colon asserts the following habeas claims:

1. The entire judicial procedure violated his right to due process and equal protection of the laws.

2. Fraud upon the court.

3. Prosecutorial misconduct.

(Id.)

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief..." 28 U.S.C. § 2254, Rule 4.

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") bars "second or successive" habeas petitions, absent exceptional circumstances. See 28 U.S.C. § 2244(b). A habeas petition is "second or successive" if it is filed after "the petitioner has expended the 'one full opportunity to seek collateral review' that AEDPA ensures." United States v. Santarelli, 929 F.3d 95, 104 (3d Cir. 2019) (quoting Blystone v. Horn, 664 F.3d 397, 413 (3d Cir. 2011)).

In the context of a § 2254 habeas petition, a Rule 60(b) motion "should be construed as a new habeas petition when it 'seeks vindication' of a 'claim,' i.e., when the Rule 60(b) motion advances 'an asserted federal basis for relief from a state court's judgment of conviction.'" Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 441 (3d Cir. 2021) (quoting Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005)). Thus, if the Rule 60(b) motion "'attacks the federal court's previous resolution of a claim on the merits,'" or "'seeks to add a new claim for relief,'" it should be considered a second or successive petition. Id. (quoting Gonzalez, 545 U.S. at 532).

A Rule 60(b) motion that raises the same claim as in the petitioner's prior habeas application is a second or successive petition that must be dismissed. 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas

5

corpus application under section 2254 that was presented in a prior application shall be dismissed.").

If the motion presents a new claim that was not included in a prior habeas application, the district court must dismiss it unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the [new] claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty of the underlying offense.

28 U.S.C. §§ 2244(b)(2)(A) and (B)(i)-(ii).

However, a district court lacks jurisdiction to consider new claims presented in a "second or successive habeas corpus application" unless a court of appeals has first authorized the petition as complying with the specific criteria listed above. Lesko v. Sec'y Pennsylvania Dep't of Corr., 34 F.4th 211, 222 (3d Cir. 2022) (citing 28 U.S.C. § 2244(b)(2), (b)(3)(A)). Thus, a habeas petitioner must first move for an order in the "appropriate court of appeals" before he is permitted to bring a second or successive habeas petition before a district court. 28 U.S.C. § 2244(b)(3)(A). If the court of appeals finds that the requirements are not satisfied, the petition must be dismissed. Id. § 2244(b)(3)(C).

With respect to any habeas claims that Colon previously presented in his first habeas petition, that are again being presented here, they "shall be dismissed." 28 U.S.C. § 2244(b)(1). To the extent that Colon is asserting any new claims in the instant filing, those claims must be dismissed for lack of jurisdiction. As stated, a district court lacks jurisdiction to consider new claims presented in a second or successive habeas corpus application unless a court of appeals has first authorized the petition. Because Colon has not obtained authorization from the Third Circuit to file a second or successive petition with this court, his habeas claims must be dismissed.

## IV. Conclusion

The court will construe Colon's Rule 60(b) motion (Doc. 1) as a § 2254 habeas petition and will dismiss it as an unauthorized second or successive habeas petition. The court will also decline to issue a certificate of appealability as Colon has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

An appropriate order shall issue.

Date: July 15, 2024

JUDGE JULIA K. MUNLEY
United States District Court